IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-380-SMY-SCW |
| | ) |
| ST. CLAIR COUNTY, ST. CLAIR | ) |
| COUNTY SHERIFF RICHARD WATSON | ) |
| and ROBERT SNEED, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff filed suit against Defendants St. Clair County, St. Clair County Sheriff Richard Watson, and Deputy Sheriff Robert Sneed, under 42 U.S.C. § 1983, asserting violations of her constitutional rights. In the Complaint, Plaintiff alleges that Sneed sexually assaulted her on two separate occasions and that the other defendants failed to protect her from the assaults. This matter is now before the Court for consideration of Defendant Sneed's Motion to Stay (Doc. 28). For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

District courts have the inherent power to stay civil proceedings or postpone civil discovery when the interests of justice so dictate. *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005). "A stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice." *U.S. v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, Wis.,* 943 F.2d 721, 729 (7th Cir. 1991) (internal citations and quotation marks omitted). A court may stay a civil action during the pendency of a parallel

criminal proceeding if the interests of justice so require. *Chagolla v. City of Chicago,* 529 F.Supp.2d 941, 945 (N.D. Ill. 2008) (citing *United States v. Kordel,* 397 U.S. 1, 12 n.27 (1970)).

"The very fact of a parallel criminal proceeding ... does not alone undercut a defendant or claimant's privilege against self-incrimination, even though the pendency of the criminal action forces him to choose between preserving his privilege against self-incrimination and losing the civil suit." *Id.* Thus, "[d]etermination of whether to grant a stay due to parallel criminal litigation involves balancing the interests of the plaintiff, the defendants, and the public." *Id.* In making the determination, the Court must considers the following factors: (1) whether the civil and criminal matters involve the same subject; (2) whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; (3) the posture of the criminal proceeding; (4) the effect of granting or denying a stay on the public interest; (5) the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. *Id.*

Sneed has been charged with two felonies for official misconduct by using his police powers to sexually assault Plaintiff in exchange for not arresting her. Although the civil and criminal proceedings both involve Sneed's interaction with Plaintiff, he has not been charged with any sex-related crimes. That said, Sneed's privilege against self-incrimination may negatively impact his ability to defend himself in this lawsuit. Thus, the first and sixth factors weigh in favor of a stay. Yet, "it is not unconstitutional to force a litigant to choose between invoking the Fifth Amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." *Cruz v. Cty. of*

*DuPage*, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997)(citing *Baxter v. Palmigiano,* 425 U.S. 308, 318–19 (1976) (citations omitted)).

The remaining four factors weigh against a stay. First, the Government is not a party to this lawsuit. *See Cruz,* 1997 WL 370194 at *3(emphasizing that the danger in which the government may use civil discovery to obtain evidence and information for criminal prosecution is not present when the government has not brought both actions). Second, the criminal case appears to be at a relatively early stage (although no party has indicated whether a trial date has been set), making a significant delay before the criminal charges reach a final disposition likely. Third, the public has an interest in the resolution of Plaintiff's accusations of sexual assault and violations of her constitutional rights by a police officer. Finally, Plaintiff has a significant interest in obtaining an expeditious resolution of her claims. A stay would lengthen the time during which the Plaintiff must address the traumatic events alleged. The possibility of a substantial delay given the unpredictable nature of criminal proceedings militates against a full stay, as it would prevent discovery from proceeding, and could potentially result in Plaintiff's inability to discover evidence material to her claims.

For the foregoing reasons, the Court finds the interests of justice do not require a blanket stay in this case. However, the implementation of a partial stay on matters likely to implicate self-incrimination strikes the proper balance between resolving this matter expeditiously and protecting Sneed's constitutional rights. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Robert Sneed's Motion for Stay and enters the following **PROTECTIVE ORDER** as to Defendant Sneed only:

Defendant Sneed shall not be required to file an answer, otherwise respond to Plaintiff's Complaint, assert any counterclaim, serve Rule 26 initial disclosures, appear for deposition, or respond to any discovery requests for a period of **120 days** from the date of this Order.

Defendant Sneed is DIRECTED to file a status report advising the Court of the progress of the criminal case **120 days** from the date of this Order. Defendant shall inform the Court of any resolution of the criminal case against Sneed (including change of plea, conviction or dismissal of charges) within **7 days** of resolution.

**IT IS SO ORDERED.**

**DATED: July 18, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**