IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-380-SMY-SCW |
| | ) |
| ST. CLAIR COUNTY, ST. CLAIR | ) |
| COUNTY SHERIFF RICHARD WATSON | ) |
| and ROBERT SNEED, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jane Doe brings this action against the St. Clair County, St. Clair County Sheriff Richard Watson, and Deputy Sheriff Robert Sneed, alleging violations of 42 U.S.C § 1983 and state law claims for violation of the Illinois Gender Violence Act, 740 Ill. Comp. Stat. 82 *et seq.,* assault and battery, conspiracy, *respondeat superior,* and indemnification. Now before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendants St. Clair County and Watson (the "County") (Doc. 21). Plaintiff filed a response (Doc. 26). For the following reasons, the Motion is **DENIED**.

## Background

On February 16, 2017, Plaintiff was on her way home when she was stopped by Deputy Sheriff Robert Sneed ("Sneed"). At the time of the stop, Sneed was driving a marked squad car and wearing a sheriff's uniform. Sneed approached Plaintiff's vehicle and asked her for her license and insurance. Plaintiff told Sneed that she did not have the requested documents and that she had recently purchased the vehicle. Plaintiff informed Sneed that she only had the title

to the vehicle, which was at her home. Sneed told Plaintiff that he would follow her home so that she could show him the vehicle's title.

Once they arrived at Plaintiff's home, Plaintiff went inside to retrieve the title. Sneed asked Plaintiff if he could use her bathroom. Plaintiff agreed. When Sneed was done using the bathroom, he approached Plaintiff and told her that he was going to cut her a break and not tow her car or take her to jail. Sneed then sexually assaulted Plaintiff. Plaintiff called her sister after Sneed left her home. She did not report the incident for fear that Sneed would return.

On August 24, 2017, Sneed returned to Plaintiff's home in his marked St. Clair County police vehicle. Sneed asked Plaintiff if anyone was home and left when Plaintiff informed him that her sister was on her way over. Sneed returned to Plaintiff's home on on August 28, 2017 around 2:00 a.m. He was in full uniform. After pushing his way inside, Sneed sexually assaulted Plaintiff for the second time.

Sneed had experienced emotional problems since the death of his son in 2016. Sheriff Watson and the Sheriff's Department were aware of Sneed's emotional issues. Despite their knowledge about Sneed's emotional instability, the Sheriff's Department and Watson allowed Sneed to continue in his position as a deputy sheriff and retain his gun.

In Count I of the Complaint, Plaintiff asserts under 42 U.S.C. § 1983 that Sneed violated her Fourth and Fourteenth Amendment rights. Plaintiff also asserts a *Monell* claim against the County, alleging the County had a policy and practice which directly encouraged Sneed's misconduct by:

> (1) failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference; (2) failing to adequately punish and discipline prior instance of similar misconduct, thereby leading St. Clair County Sheriff's deputies to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; and (3) failing to properly remove deputies from the streets that are undergoing

emotional and/or psychological issues, thereby putting the citizens of St. Clair County at risk of harm by deputies that are not mentally fit to continue to work as a police officer.

In Count II, also under 42 U.S.C. § 1983, Plaintiff asserts that Sneed denied her equal protection of the law. In Count III, Plaintiff claims Sneed violated her substantive due process rights. In Count IV, Plaintiff alleges that Watson failed to intervene even though he was aware that Sneed suffered from emotional issues. In Count V, Plaintiff asserts that Sneed violated the Illinois Gender Violence Act, 740 ILCS 82, *et seq*. In Count VI, Plaintiff claims Sneed committed assault and battery in violation of state law. In Count VII, Plaintiff asserts a state law *respondeat superior* claim against the County. In Count VIII, Plaintiff seeks indemnification from the County under the Illinois Tort Immunity Act, 735 ILCS 10/9-102.

Plaintiff's claims against the County are based on a *respondeat superior* theory, by which Sneed was acting under the scope of his employment when he assaulted Plaintiff. The County moves to dismiss all claims against it. Specifically, as to Count IV, the County contends Plaintiff has not sufficiently stated a claim for failure to intervene. As to Count I, the County argues that Plaintiff's *Monell* claims fail to allege that deficiencies in policies were a moving force causing the injuries allegedly sustained by Plaintiff. With respect to Counts V, VI, and VII, the County argues that it cannot be liable for acts committed by Sneed under the doctrine of respondeat superior because Sneed was not acting within the scope of his employment as a deputy sheriff when he committed the alleged sexual assaults. Finally, as to Count VIII, the County contends that it has no duty to indemnify Sneed or Watson for any judgment entered in connection with the state law claims.

**Discussion**

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

*Monell Liability (Count I)*

A *Monell* claim subjects a local governing body, such as the County, to monetary damages under 42 U.S.C. § 1983 "if the unconstitutional act complained of is caused by (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). In this case, Plaintiff relies on the second theory – she alleges that the County had widespread informal practices and customs which encouraged Sneed's misconduct by failing to adequately train, supervise, and control its officers. Plaintiff further alleges that the County failed to remove

officers suffering from emotional disturbances. She also alleges that the County failed to discipline prior instances of similar misconduct.

Heightened pleading standards do not apply to *Monell* claims. *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016). Thus, drawing all inferences in Plaintiff's favor for purposes of the motion to dismiss, the Complaint alleges widespread informal policies on the part of the County which caused Plaintiff's injuries. The Court finds that, at this early stage in the proceedings, these allegations are sufficient to put the County on notice of the claims against it. Accordingly, the County's motion to dismiss is denied as to Count I.

### *Failure to Intervene (Count IV)*

Liability under 18 U.S.C. § 1983 requires proof that the conduct complained of was committed by a person acting under the color of the law and that it deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir. 1994). Under certain circumstances, a state actor's failure to intervene to prevent another state actor's Fourth Amendment violation renders him culpable under § 1983. *Yang,* 37 F.3d at 285 (collecting cases). Additionally, for a supervisor to be held personally responsible for a constitutional violation under the statute, "the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

Plaintiff alleges that Watson knew about Sneed's emotional problems before Sneed sexually assaulted Plaintiff and allowed an emotionally unstable officer to remain on duty with all attendant police powers. Accepting Plaintiff's allegations as true and reading all reasonable inferences in her favor, as it must at this stage, the Court finds that Plaintiff sufficiently alleges that the claimed actions of Watson makes him personally responsible for the constitutional

deprivations. *See Yang,* 37 F.3d at 285. Therefore, the County's motion to dismiss Count IV of Plaintiff's Complaint is denied.

### *Respondeat Superior (Counts V, VI, VII)*

In Counts V, VI, and VII, Plaintiff seeks to hold the County responsible for Sneed's tortious conduct based on Illinois state law theories of respondeat superior. Plaintiff asserts that the County should be held liable because Sneed was acting within the scope of his employment at all relevant times. The County contends that it cannot be held liable for Sneed's actions because Sneed was not acting within the scope of employment when he sexually assaulted Plaintiff. More particularly, the County maintains that sexual assault is never within the scope of one's employment.

In Illinois, "[u]nder the theory of *respondeat superior,* an employer can be liable for the tort of an employee, but only for those torts that are committed within the scope of employment." *Bagent v. Blessing Care Corp.,* 862 N.E.2d 985, 991 (Ill. 2007). *Respondeat superior* liability "extends to the negligent, willful, malicious or even criminal acts of its employees, when those acts are committed with the scope of employment." *Adames v. Sheahan,* 909 N.E.2d 742, 755 (2009). To fall within the scope of employment, an employee's acts must be: (a) the kind for which the employee is employed to perform; (b) substantially within the authorized time and space limits; and (c) actuated, at least in part, by a purpose to serve the employer. *Bagent,* 862 N.E.2d at 992. Because scope of employment is a fact-intensive issue, Illinois courts have held that it is generally inappropriate to resolve this issue at the motion to dismiss or summary judgment stage. *Id.* "Only if no reasonable person could conclude from the evidence that an employee was acting within the course of employment should a court hold as a matter of law that the employee was not so acting." *Id.* at 992–93.

The Illinois Supreme Court has yet to determine whether or not a sexual assault committed by a law enforcement officer while on duty falls within the scope of employment. But in *Doe v. City of Chicago,* 360 F.3d 667, 671 (7th Cir. 2004), the Seventh Circuit Court of Appeals suggested that the scope of employment should be interpreted more broadly when the employee is a police officer. The *Doe* court reversed the district court's grant of summary judgment in favor of the City of Chicago based on its determination that the police officer's sexual misconduct was outside the scope of his employment. In doing so, the Court held that "[t]he issue of the City's responsibility for the torts of its police officers is a difficult one that the district judge should not have attempted to resolve before the actual facts bearing on the issue were determined." *Id.* Numerous district courts have also found that the scope of employment is a fact-intensive issue that is usually inappropriate for summary judgment, let alone a motion to dismiss. *See Doe*, 360 F.3d at 671 (collecting cases); *Doe v. Clavijo*, 72 F. Supp. 3d 910, 915 (N.D. Ill. 2014) (collecting cases).

Consistent with precedent, this Court will not resolve the issue of *respondeat superior* liability at the motion to dismiss stage of this case. A reasonable person could conclude from the allegations in the Complaint that Sneed's actions were within the scope of his employment. Sneed stopped Plaintiff while he was on-duty, driving his police vehicle, wearing his uniform and badge and carrying his department-issued weapon. Each time he came to Plaintiff's home, he was dressed in his uniform and driving his police vehicle. For these reasons, the County's motion is denied as to Counts V, VI, and VII.

*Indemnification (Count VIII)*

In Count VIII, Plaintiff asserts an indemnification claim under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, which directs municipalities to pay compensatory damage judgments

for torts committed by their employees while acting within the scope of their employment. The County moves to dismiss Plaintiff's indemnification claims on the basis that it has no duty to indemnify Sneed for any judgment on the state-law claims because sexual misconduct does not fall within Sneed's scope of employment. Because the Court has already rejected the County's argument that sexual assault by a police officer is always outside the scope of employment, Plaintiff's indemnification claim will not be dismissed on this basis.

## Conclusion

For the foregoing reasons, Defendants' St. Clair County and Richard Watson's Motion to Dismiss is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED: August 10, 2018**

                                      **s/ Staci M. Yandle**
                                      **STACI M. YANDLE**
                                      **United States District Judge**